UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 25-CR-70

MICHAEL J. KORNELY,

Defendant.

# ORDER ON THE PARTIES' MOTIONS IN LIMINE

**Defendant's motions:**

1. The defendant's motion regarding the cross-examination of B.D. is granted as unopposed. B.D. was admittedly untruthful in unrelated proceedings. Prior untruthful statements made under oath or otherwise subject to the penalties of perjury are probative of a witness's truthfulness and therefore admissible on cross-examination. *See* Fed. R. Evid. 608(b). Admissible too is cross-examination regarding B.D. having allegedly stated he would "get back" at the defendant. The court, however, cautions that it will not permit a trial within a trial and may bar admission of relevant evidence under Rule 403.
2. The defendant's motion for sequestration is granted as unopposed subject to an exception for a government case agent, *see* Fed. R. Evid. 615(a)(2), and victims, *see* 18 U.S.C. § 3771(a)(3), the movant having failed to present clear and convincing

evidence that exclusion is necessary. The court further prohibits the disclosure of trial testimony to witnesses who are excluded from the courtroom (aside from disclosure incident to that excluded witness testifying in court). Fed. R. Evid. 615(b)(1). Witnesses are prohibited from accessing trial testimony. Fed. R. Evid. 615(b)(2).

3. The defendant's motion to provide the jury instructions in written form is granted as unopposed. In addition to orally instructing the jury, the court will provide a single complete set of the jury instructions to the jury for use in its deliberations.
4. The defendant's motion regarding the admission of evidence under Fed. R. Evid. 404 is denied without prejudice. The propriety of any evidence will depend on the circumstances in which the evidence is presented. The government agrees that, prior to presenting any such evidence, it will present the matter to the court outside the presence of the jury.
5. The defendant's motion to prohibit "the Government from arguing or questioning any witness as to whether they personally believe Mr. Kornely is guilty or that he committed the offenses he is charged with" is granted insofar as any such question would constitute an impermissible opinion. This applies equally to any defense witness.
6. The defendant's motion to prohibit the government from introducing an undisclosed expert opinion is granted. Lynn Cook is the only expert the government proposes to introduce.

7. The defendant's motion to compel the government to produce grand jury testimony at least two weeks before the start of trial is granted as unopposed.

8. The court finding good cause, the defendant's motion to seal the defendant's first set of motions in limine and the attachments thereto (ECF No. 19) and the defendant's motion to seal exhibits A and B to the defendant's response to the government's supplemental motions in limine (ECF No. 43) are granted.

**Government's Motions in Limine**

1. The government's motion to authenticate business records is denied. The government has failed to demonstrate that the records (ECF No. 21-1) are self-authenticated business records under Federal Rules of Evidence 902(11) and 803(6). The government has not shown that the photographs were "kept in the course of a regularly conducted activity of a business," Fed. R. Evid. P. 803(6)(B), or that "making the record was a regular practice of that activity," *id*. at 803(6)(C). Even if it was possible to stretch the language of Rule 803(6) to plausibly encompass snapshots of work events, such documents are outside the intended scope of the Rule. Certain business records are excepted from the rule against hearsay because it is presumed that businesses have an independent reason—namely the function of their businesses—to ensure that their records are complete, accurate, and reliable. This rationale does not apply to the proffered documents.

2. The government's motions to admit evidence under Federal Rules of Evidence 404(b) and 413 are resolved as follows. The government no longer seeks to offer

the testimony of K.K. or R.B. It seeks to offer the testimony on C.S. only if the court excludes evidence regarding D.F.

The defendant is presently accused of an offense of sexual assault, 18 U.S.C. § 2423(a); *United States v. Foley*, 740 F.3d 1079, 1086-87 (7th Cir. 2014); *see also United States v. McGuire*, 627 F.3d 622, 627 (7th Cir. 2010); *United States v. Clay*, 148 F.4th 1181, 1194 (10th Cir. 2025) (discussing U*nited States v. Batton*, 602 F.3d 1191 (10th Cir. 2010)); *United States v. Brandon*, 64 F.4th 1009, 1022-23 (8th Cir. 2023); *United States v. Gaudet*, 933 F.3d 11, 17 (1st Cir. 2019);; *United States v. Lewis*, 796 F.3d 543, 547 (5th Cir. 2015); *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006); *United States v. Abrams*, 761 F. App'x 670, 675-76 (9th Cir. 2019) (unpublished); *United States v. Vickers*, 708 F. App'x 732, 736 (2d Cir. 2017) (unpublished), thus satisfying the first prong of Rule 413(a).

As proffered by the government (ECF No. 21 at 10-12) the testimony on M.L., S.J., and C.S. is admissible under Rule 413 and 404(b). *See United States v. Rogers*, 587 F.3d 816, 819-21 (7th Cir. 2009); *see also United States v. Erramilli*, 788 F.3d 723, 729-30 (7th Cir. 2015); *United States v. Stokes*, 726 F.3d 880, 896-97 (7th Cir. 2013); *United States v. Julian*, 427 F.3d 471, 486-87 (7th Cir. 2005).

The incidents all involve the defendant allegedly sexually assaulting high school age males. The allegations cover a wide span of years, a circumstance that tends to reflect the allegedly ongoing nature of the defendant's conduct. The other acts varied in frequency, generally depending on the extent of opposition the alleged victim expressed. And under the circumstances, where the veracity of the

alleged victims will be a central point of dispute, evidence of multiple similar incidents stands to be highly probative. Moreover, the proposed evidence, which already reflects a pared back selection of prospective 413 evidence, is not merely cumulative.

Rule 413 does not require that the defendant be convicted of a crime regarding the past alleged conduct. *United States v. Julian*, 427 F.3d 471, 486-87 (7th Cir. 2005). The evidence is relevant, *see* Fed. R. Evid. 401, and not subject to exclusion under Rule 403. The court will not permit the government to belabor each allegation, but the allegations may be effectively presented in minimal time, without confusion of the issues, and avoiding the other concerns addressed under Rule 403.

D.F.'s allegation is distinguishable in that D.F. was an adult at the time and complicated by the fact that the defendant is currently facing charges in state court arising from D.F.'s allegation.

The government argues that evidence of D.F.'s allegation is appropriate under Rule 413 but also crucial in explaining to the jury how the investigation that led to Count Three arose and why prosecutors took renewed interest in the allegations underlying Count One. The court finds that, notwithstanding the difference in the alleged victims' ages, D.F.'s allegation is sufficiently similar and is admissible under Rule 413.

The defendant has failed to demonstrate how admission of D.F.'s allegation would violate the defendant's rights under the Fifth or Sixth Amendments. His

argument is not well-developed, but the court understands the defendant to be arguing that he may be forced to forgo his right to testify in this action lest he be questioned about D.F.'s allegation and those statements would be used against him in the state prosecution. In other words, if D.F.'s allegation is presented to the jury, his right to testify in this case would conflict with his right to remain silent in the state case. But this argument—that a defendant is forced to choose between testifying in his own defense and making a statement that might be used against him in another prosecution—is a routine concern regarding "other acts" evidence. The right to remain silent routinely presents a thorny balancing whereby defendants commonly wish to testify as to certain matters but remain silent as to others. The defendant has failed to show that these tradeoffs offend his constitutional rights.

While the alleged sexual assault meets the criteria to be admissible under Rule 413, D.F.s allegation is excluded under rule 403. Although the allegation has some probative value under rule 413, the full scope of D.F.'s allegation is substantially outweighed by a danger of unfair prejudice and confusing the issues. This prejudice and confusion includes the likelihood of a substantial collateral trial concerning consent, the parties' prior sexual relationship, toxicology, intoxication and video evidence. *See* Fed. R. Evid. 403.

The evidence, however, is relevant in explaining the circumstances that led to the present charges. *Cf. United States v. Silva*, 380 F.3d 1018, 1020 (7th Cir. 2004) (discussing investigators' course of investigation evidence vis-à-vis hearsay).

Thus, the government is entitled to some latitude to explain to the jury how this investigation arose. Yet, the government does not need the full substance of D.F's allegation to explain Count Three. The investigating officer may testify that information received during another investigation caused law enforcement to initiate the undercover operation. The officer may not disclose the substance of D.F.'s accusation. If the defense challenges the legitimacy or motivation for initiating the undercover operation, the government may request reconsideration outside the jury's presence. Insofar as the court is admitting D.F.'s allegation only for the purpose of explaining the circumstances that gave rise to the present charges, the details of D.F.'s allegation are not particularly relevant. Absent agreement of the parties, the court will not permit testimony as to those details.

The government also seeks to introduce the testimony of the defendant's former wife under Rule 413. It states that she would offer testimony corroborating John Doe 1's testimony regarding a sexual assault. While John Doe 1's testimony of that incident may be within the scope of 413, as proffered by the government, the defendant's former wife's testimony will be somewhat ambiguous. It is not clear from the information presented to the court thus far that her testimony qualifies under rule 413. Examination of this witness outside the presence of the jury may be necessary to make that determination. To the extent that her testimony is within the scope of 413, the court will permit it. But independent of its admissibility under Rule 413, her proffered testimony is relevant and admissible to corroborate John Doe 1's anticipated testimony that the defendant's

alleges assaults became less frequent after the defendant's wife walked in on one such assault. The jury will expect corroboration under such circumstances.

3. The government's motion to bar any attempt to explain the reasonable doubt standard is granted as unopposed.

4. The government's motion to bar the defense from arguing jury nullification is granted as unopposed. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996).

5. The government's motion to exclude "defendant's self-serving exculpatory statements" is granted insofar any such statement is presented for the truth of the matter asserted. Such a statement is hearsay and inadmissible absent an exception to the hearsay rule or other basis for admission.

6. The government's motion to prohibit requests or comments regarding discovery is granted as unopposed.

**SO ORDERED**.

Dated at Green Bay, Wisconsin this 15th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge