**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

*Plaintiff,*

v. Case No. 25-cr-70

MICHAEL J. KORNELY, Green Bay Division

*Defendant.*

---

**DEFENDANT'S SUPPLEMENT ARGUMENT IN OPPOSITION TO "OTHER ACTS" EVIDENCE RELATED TO JOHN DOE 1 & JOHN DOE 2**

---

Mr. Michael Kornely, by his Attorneys Jason D. Luczak and Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, having been notified for the first time at the final pretrial hearing by happenstance during the Government's argument on another "other act" that it intends to offer "other acts" evidence not charged in the three counts in the indictment and related to John Doe 1 and John Doe 2, moves for exclusion of such evidence as it is specifically subject to restrictions and deadlines set forth in Rules 413 and Rule 404(b) of the Federal Rules of Evidence with which the Government has failed to comply.

It is the position of the Government that all other alleged sexual touching or impropriety between Mr. Kornely and either John Doe 1 or John Doe 2 is not subject to a Rule 404(b) analysis because those actions are not "other acts" as a matter of law, but rather what they have coined "direct evidence" of the three crimes charged in the

indictment, "probative of whether Mr. Kornely committed the crimes charged." The Government misuses the term "direct evidence," as the legal definition of "direct evidence" could encompass facts surrounding both the act in question or a different "other crime, wrong or act" that is subject to a Rule 404(b) analysis. The Seventh Circuit specifically has defined the term "direct evidence" in its pattern jury instruction as "evidence that directly proves a fact," unlike circumstantial evidence that "indirectly proves a fact." (7th Circuit Pattern Criminal Jury Instructions 2.03).

The example provided in the instructions to illustrate the difference between direct and circumstantial evidence is demonstrative of why both other acts evidence and evidence of the offense charged may very well both be "direct evidence" of an offense. The Committee Comment notes: "An example of direct evidence that it was raining would be testimony from a witness who said she was outside and saw it raining. An example of circumstantial evidence that it was raining would be testimony that a witness observed someone carrying a wet umbrella." Thus, evidence of either the crimes detailed in the indictment or alleged crimes testified to by the witnesses that are not charged in the indictment may well include "direct" evidence. Thus, that terminology is neither on point nor instructive to the court's consideration of whether allegations of Mr. Kornely engaged in other sexual behaviors with John Doe 1 and John Doe 2 are properly admissible and whether Rule 413 or Rule 404(b) analyses apply. The evidence the Government wishes to offer here, detailed in the next paragraph, is not even "direct evidence" of the crimes charged, but rather is evidence outside of the charged incidents

being offered to prove Mr. Kornely's alleged sexual motivations the transportation of John Doe 1 and John 2 Doe to Illinois.

To illustrate, the Government has indicated to Mr. Kornely in communications since the final pretrial  the type of evidence it wishes to offer at trial. The Government wrote: "B.D., for example, describes how the abuse continued for years after the incident charged in Count One, and he recalls specific times when (i) Mr. Kornely asked him to engage in anal sex; and (ii) Mrs. Kornely walked in on B.D. and Mr. Kornely engaged in oral sex." Notably, the latter was an "other act" the Government has already disclosed and sought admission which the court must rule on (the defense, however, has still received no additional reports where Mrs. Kornely specifically says that she saw "oral sex" or even actions that could be surmised to be such conduct). If this allegation is not subject to Rule 404(b) or Rule 413 admissibility requirements, it begs the question: why would the government have offered it as such in its pretrial filings? It is plainly an "other act" as a matter of law, like any other sexual act or proposition offered, and they must be treated that way.

Regarding alleged acts involving John Doe 2, the Government communicated that Mr. Kornely allegedly asked him to try on boxer shorts at some unknown time prior to any alleged sexual conduct. Additionally, the Government seeks to offer John Doe 2 generally testifying that following the allegation charged in the complaint, Mr. Kornely ended all contacts with "some sort of sexual contact." The email went on to allege one or two additional trips to Chicago over the next few years. No additional details have been provided. Again, this is plainly "other acts" evidence subject to Rule 404(b) constraints.

Moreover, the 2010 Seventh Circuit decision in *United States v. Gorman* highlights how this evidence is plainly an "other act" and subject to a Rule 404(b) (and if it fits and the Government presents it as such, Rule 413) analysis. The Government is plainly asking the court to employ the disfavored "inextricable intertwinement" doctrine to this case, despite the Seventh Circuit barring its employment in this circuit sixteen years ago. In *Gorman*, the Seventh Circuit explicitly rejected the "inextricably intertwined" exception to the bar on propensity evidence found in Rule 404(b). The court opined:

> The inextricable intertwinement doctrine is based on the notion that evidence inextricably intertwined with charged conduct is, by its very terms, not other bad acts and therefore, does not implicate Rule 404(b) at all .... We have recently cast doubt on the continuing viability of the inextricable intertwinement doctrine .... We again reiterate our doubts about the usefulness of the inextricable intertwinement doctrine, and again emphasize that direct evidence need not be admitted under this doctrine. If evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricable intertwinement evidence, and is therefore improper, at least if not admitted under the constraints of Rule 404(b) .... There is now so much overlap between the theories of admissibility that the inextricable intertwinement doctrine often serves as the basis for admission even when it is unnecessary. Thus, although this fine distinction has traditionally existed, the inextricable intertwinement doctrine has since become overused, vague, and quite unhelpful. To ensure that there are no more doubts about the court's position on this issue-the inextricable intertwinement doctrine has outlived its usefulness. Henceforth, resort to inextricable intertwinement is unavailable when determining a theory of admissibility.

613 F.3d 711, 717-19 (7th Cir. 2010). In other words, the Seventh Circuit held that when evidence offered does not directly prove the charged offense, it is simply propensity evidence disguised as intertwinement, and is therefore, to be subjected to the constraints of the Rule 404(b) of the Federal Rules of Evidence.

The Government has unquestionably missed the applicable deadlines for offering Rule 413 and Rule 404(b) evidence. Pursuant to Rule 413(b), formal written notice must be provided to the defense, to include a summary of the expected testimony, 15 days before the commencement of trial. Pursuant to Rule 404(b)(3), formal written notice must be provided to the defense a reasonable time ahead of trial of trial containing the evidence offered and how it is being admitted for a permissible purpose. In fact, the Government just provided the defense in its proposed pretrial report today its position regarding the admissibility of the proffered evidence, and there is no reason or argument why or how this evidence would be admissible pursuant to Rule 404(b) or Rule 413. Plainly, the evidence cannot be admitted pursuant Rule 413 as there is no exception for "good cause" to extend the deadline. Rule 404(b) contains a provision that the party offering the other act may, for good cause, pass the "reasonable time before trial" deadline, but there was no good cause for failing to provide the notice here, as the allegations in question have been known to the prosecution since its inception and the Government has filed multiple "other acts" motions before this court.

Furthermore, the admissibility restrictions and analyses set forth in the two relevant rules are not just a matter of form. They ensure that the defendant is entitled to proper notice of any and all allegations the Government seeks to offer against him. Additionally, the admission of "other acts" necessarily requires the court to read specific instructions to the jury and the guideposts for which they must assess the evidence and how it can be considered. The Seventh Circuit has specifically advised against "keeping the jury in the dark about the rationale for the rule against propensity inferences and

suggested that jurors should be explicitly told why they must not use the other-act evidence to infer the defendant has a certain "character" and act "in character" in the present case." (See Committed Comment, Seventh Circuit Pattern Criminal Jury Instructions, 3.11: Evidence of Other Acts by the Defendant, citing *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (*en banc*)). For that reason, the Committee crafted the following template, to be conformed to the evidence and provided to the jury, whenever "other acts" have been presented for the jury's consideration:

> You have heard [testimony; evidence] that the defendant committed acts other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider that evidence to help you decide [describe with particularity the purpose for which other act evidence was admitted, e.g. the defendant's intent to distribute narcotics, absence of mistake in dealing with the alleged victim, etc.]. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, he is more likely to have committed the crime[s] charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is only on trial for [list charges alleged in the indictment]. The government has the burden to prove beyond a reasonable doubt the elements of the crime[s] charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

(Seventh Circuit Pattern Criminal Jury Instructions, 3.11: Evidence of Other Acts by the Defendant). The Government's theory of admissibility would plainly result in this instruction likewise being denied to Mr. Kornely and the jury considering without any limitation evidence outside of the finite acts charged in the indictment.

For all of the reasons detailed above, admission of this evidence is improper and Mr. Kornely seeks an order barring its introduction before the jury.

Dated this 15th day of September, 2026.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: *s/ Jason Luczak*
JASON D. LUCZAK
State Bar No. 1070883
jluczak@grgblaw.com
NICOLE M. MASNICA
State Bar No. 1079819
nmasnica@grgblaw.com

Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440