UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 25-CR-70**

**MICHAEL J. KORNELY,**

**Defendant.**

---

# ORDER

---

Michael J. Kornely is charged in a three-count indictment with two counts of Transportation of Minors with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) and one count of Use of a Computer to Attempt to Persuade/Induce/Entice a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2422(b). (ECF No. 1.)

Count One concerns John Doe One ("B.D.") and Count Two concerns John Doe Two ("J.R."). The government alleges that Kornely sexually assaulted B.D. and J.R., both of whom worked for Kornely when they were teenagers, on separate trips to Chicago and in Kornely's home. (ECF No. 21, at 1-2.)

Although Kornely is charged with only two specific instances, B.D. and J.R., allege that they were subject to years of abuse by Kornely. At the final pretrial conference, the parties raised the issue of whether those other instances of alleged

abuse would be admissible. The government has not provided the defendant with notice required under Rule 404(b)(3) or 413(b), but it instead argues that the prior incidents are admissible as direct evidence of the charged offenses. (ECF No. 51 at 4-6.)

It is well-established that "Rule 404(b) does not apply to direct evidence of the crime charged." *United States v. Elmer*, 980 F.3d 1171, 1175 (7th Cir. 2020) (*United States v. Ferrell*, 816 F.3d 433, 443 (7th Cir. 2015)); *see also United States v. Thomas*, 986 F.3d 723, 728 (7th Cir. 2021). Thus, for example, when a defendant is charged in a conspiracy, the acts he allegedly took in furtherance of that conspiracy are not prior bad acts but direct evidence of the charged offense. *Elmer*, 980 F.3d at 1176. Similarly, evidence of "conduct taken for the purpose of thwarting discovery of the crime or postponing the investigation of the crime" is direct evidence of the charged offense and not evidence of other acts subject to Rule 403. *United States v. Bowling*, 952 F.3d 861, 869 (7th Cir. 2020); *see also United States v. Jackson*, 70 F.4th 1005, 1014 (7th Cir. 2023) (holding that threats to witnesses were direct evidence of the underlying offense).

Evidence that the defendant sexually abused B.D. and J.R. on other occasions is not direct evidence of any charged offense. The defendant is charged with two discrete instances of abuse. There is no scheme, course of conduct, or conspiracy element to the charges. The other instances of abuse were not associated with any attempt to cover up or evade detection regarding the charged offense.

The government alternatively argues that evidence that the defendant sexually assaulted B.D. and J.R. on other occasions is admissible outside of Rule 404 because it is intrinsic to the charged crime. "[U]nder the inextricably intertwined doctrine, testimony relating to the chronological unfolding of events that led to an indictment, or other circumstances surrounding the crime, is not evidence of "other acts" within the meaning of Rule 404(b)." *United States v. Miller*, 327 F.3d 598, 603 (7th Cir. 2003).

> [A]cts satisfy the inextricably intertwined doctrine if they complete the story of the crime on trial; their absence would create a chronological or conceptual void in the story of the crime; or they are so blended or connected that they incidentally involve, explain the circumstances surrounding, or tend to prove any element of, the charged crime.

*Id.* (quoting *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002)).

More recently, however, the court of appeals has repeatedly "cast doubt on the continuing viability of the inextricable intertwinement doctrine." *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010); *see also United States v. Howard*, 692 F.3d 697, 703 n.1 (7th Cir. 2012) ("We no longer allow proof of other acts that are 'inextricably intertwined' with the charged crimes." (citing *Gorman*, 613 F.3d at 718-19). It referred to the doctrine as having "become overused, vague, and quite unhelpful." *Gorman*, 613 F.3d at 719. Thus, the doctrine has, at best, very limited continued applicability. The proffered evidence does not fit within the doctrine as it

has been historically recognized, much less any fragment that may remain following the court of appeals' criticism.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 17th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge