UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 25-CR-70

MICHAEL J. KORNELY,

Defendant.

---

**UNITED STATES' NOTICE TO EXCLUDE IMPEACHMENT OF A WITNESS PURSUANT TO RULE 609**

---

The United States of America, by its attorneys, Daniel R. Humble and Kevin C. Knight, Assistant United States Attorneys, now moves to exclude any inquiry into the criminal history of witness M.L. pursuant to Federal Rule of Evidence 609. That rule provides in relevant part as follows:

***

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court

can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

***

The government believes M.L's criminal record consists of a misdemeanor Bail Jumping conviction from 2019, a misdemeanor Sexual Intercourse with a Child 16 or older also from 2019, and a misdemeanor Possession of Harmful Materials – Expose Child conviction from March of 2016. All of these convictions are misdemeanors and neither of the crimes implicate a "dishonest act or false statement." Additionally, in the case of the 2016 conviction, it occurred outside the 10-year lookback period contemplated by the rule.

The government therefore respectfully requests that the Court preclude any inquiry into M.L.'s prior misdemeanor convictions, as both fall outside the scope of permissible cross-examination under Rule 609.

Respectfully submitted,

*s/Daniel R. Humble*
*s/Kevin C. Knight*
Assistant United States Attorneys
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700