**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

*Plaintiff,*

v. Case No. 25-cr-70

MICHAEL J. KORNELY, Green Bay Division

*Defendant.*

---

**DEFENDANT'S EMERGENCY MOTION FOR A MISTRIAL**

---

Michael J. Kornely, represented by Attorneys Jason D. Luczak and Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, having received a new report containing impeachment evidence and new relevant information for the defense on the third day of trial, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and moves for an order for a mistrial accordingly, pursuant to Federal Rule of Criminal Procedure 16(d)(2). In support of this motion, the defense alleges the following:

1. The new report contains allegations that are very new and completely different than what he had previously reported to police in his interview in April 2024, including a very different factual account of the primary charge before the court and to be decided by a jury. For example, in the original report, J.R. stated that Mr. Kornely forcibly moved him from the couch to the bed and that he forced oral sex upon J.R. throughout the encounter, which he reported lasted three hours. In the morning after the assault, J.R. reported that Mr. Kornely was angry, would not

speak to him and was quiet on the ride home, never stating there was a second alleged blow job the morning of trial.

2. J.R. now reports something very different and that Mr. Kornely engaged in "guilting" to get J.R. into the bed and that he asked to "cuddle." That is how his testimony was presented today. After that, J.R. alleges that Mr. Kornely attempted oral sex on him as J.R. pretended to be asleep, with him never becoming erect and never ejaculating. J.R. then states that Mr. Kornely performed a second act of oral sex in the morning. This is a completely new reveal the defense did not prepare for.

3. Additionally, the new report discusses that Mr. Kornely allegedly physically threatened J.R. on the ride home from Chicago, grabbing him by the shirt and getting in his face, then responding with a cunning quip to comfort J.R. afterward. None of that was disclosed, and is substantially different than the initial report.

4. The report contains many new allegations of sexual abuse and allegations that Mr. Kornely gave J.R. "poppers" and also that a new witness inquired about this trips, J.R.'s aunt, who is not named in the report.

5. The report also mentions that Mr. Kornely "friended" J.R. on Snapchat and that J.R. has left that on pending. There has been no ability to vet that information or to assess whether the defense can impeach J.R. on that point, given the fact that it is known to police that Mr. Kornely had just downloaded Snapchat with the assistance of D.F. in the days/weeks leading to the Carson conversation and he has not been on Snapchat either before or after that time.

6. Finally, and tremendously important to the defense is that the report here contains an assertion that J.R. is experiencing "repressed memory" and that he is has been recovering memories about alleged assaults between he and Mr. Kornely. The defense has experience litigating issues with repressed memory and there is no scientific basis for such a phenomenon. That J.R. is alleging that he is experiencing "repressed memory" calls into question the entirety of the reporting, including the incidents he has previously described and goes to his credibility of the entire account of his alleged victimization. The defense would want to consult an expert to review the allegations of J.R. and his alleged reports of "repressed" memories, and has worked with Dr. Harrison Pope from Harvard Medical School in other trials and would wish to have him review the matter and prepare a report for testimony. This is not possible in the midst of a trial.

7. A mid-trial disclosure of *Brady* material can suffice only "if time remains for the defendant to make effective use of the exculpatory material." *U.S. v. Lawson,* 810 F.3d 1032 (7th Cir. 2016), *citing United States v. Higgins,* 75 F.3d 332, 335 (7th Cir.1996); *see also Bielanski v. County of Kane,* 550 F.3d 632, 645 (7th Cir. 2008). That is simply not the case here. The defense has committed to a theory of the case from the beginning of the presentation in opening statement and it would have been patently different given the news of the new information and disclosures regarding J.R.

8. Suppression is not the correct remedy, nor is a brief adjournment. The legitimacy of the trial process and Mr. Kornely's defense has been tainted, so much so that

continuing with the trial at this point would be a violation of Mr. Kornely's due process rights protected by the Sixth Amendment. A mistrial, without prejudice, and start anew with a new jury panel is the only appropriate remedy.

Dated this 23rd day of September, 2026.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: *s/ Jason Luczak*

JASON D. LUCZAK
State Bar No. 1070883
jluczak@grgblaw.com
NICOLE M. MASNICA
State Bar No. 1079819
nmasnica@grgblaw.com

Attorneys for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170

Milwaukee, Wisconsin 53202

Telephone: 414/271-1440